

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00377-CV

**IN THE INTEREST OF A.N.G.**, A.M., and A.M., Children

From the County Court at Law, Jim Wells County, Texas
Trial Court No. 14-09-53681-CV
Honorable Martha Huerta, Judge Presiding[1]

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  November 16, 2016

AFFIRMED

The trial court terminated Amy's[2] parental rights to her three children. On appeal, Amy's sole issue is whether the trial court violated her due process rights at the full adversary hearing following the removal of her children by not admonishing her that her parental rights could be restricted or terminated if she did not provide a safe environment for the children.

Before presenting a due process complaint in an appeal from an order terminating parental rights, the appellant must have timely raised the due process complaint in the trial court. *In re L.M.I.*, 119 S.W.3d 707, 710-11 (Tex. 2003) (citing TEX. R. APP. P. 33.1). Allowing appellate

---

[1] Former judge, sitting by assignment.
[2] To protect the identity of the minor children, we refer to the appellant by a pseudonym and to the children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b)(2).

review of unpreserved due process complaints in termination cases "would undermine the Legislature's intent that cases terminating parental rights be expeditiously resolved." *Id.* at 711.

Amy did not raise her due process complaint in the trial court at the September 2014 full adversary hearing and she does not argue she was excused from timely raising her due process complaint in the trial court. *See* TEX. R. APP. P. 38.1(i). The record also shows that at a March 2015 permanency hearing and at an April 2015 motions hearing, the trial court informed Amy her parental rights could be restricted or terminated if she failed to provide a safe environment for the children. Because Amy did not timely raise a due process complaint in the trial court, she may not raise it for the first time on appeal. *See id.* We therefore affirm the trial court's judgment.

Luz Elena D. Chapa, Justice